NO. 07-00-0562-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 6, 2001

______________________________

JOHNNY DWAYNE STATEN, APPELLANT

V.

GARY L. JOHNSON AND TEXAS DEPARTMENT

OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION, APPELLEES

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 85-615C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On December 20, 2000, the clerk of this court received a copy of a Notice of Appeal  filed by appellant Johnny Dwayne Staten.  By letter dated December 21, 2000, the clerk advised appellant that a filing fee had not been received, 
Tex. R. App. P
. 5.  The clerk’s letter likewise advised that no further action would be taken on the appeal by this Court until a filing fee had been paid and that failure to pay the filing fee may result in dismissal of the appeal.  
Tex. R. App. P
. 42.3. 

The filing fee was not paid.  An “Affidavit of Indigency” was filed with the clerk on December 28, 2000.  The “affidavit” was not timely filed, nor was a motion complying with appellate Rule 10.5(b) filed.  
Tex. R. App. P
. 20.1(c).  

By letter dated January 10, 2001, the clerk advised appellant that the filing fee had still not been paid, and that unless the filing fee was received on or before January 30, 2001, the appeal would be subject to dismissal.  A subsequent “Affidavit of Indigency” was filed on January 26, 2001, but the filing fee was not paid by January 30th
, and has not been paid.

Texas courts do not maintain separate sets of procedural rules for litigants with counsel and for litigants representing themselves.  
Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978) (Rules of Civil Procedure).  Litigants representing themselves must comply with the same procedural rules as are applicable to represented parties.  
Id
.  Appellant has not complied with the Rules of Appellate Procedure in regard to his appeal, as noted above.    

The appeal is dismissed pursuant to 
Tex. R. App. P
. 42.3(c) for appellant’s failure to comply with 
Tex. R. App. P
. 20.1 and the subsequent direction of the clerk to pay the filing fee.

Per Curiam

Do not publish.